IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

MARTENA MARTIN                                                     PLAINTIFF

NO. 4:19CV00076-JMV

NANCY BERRYHILL,
COMMISSIONER OF SOCIAL SECURITY                      DEFENDANT

## ORDER ON PETITION FOR ATTORNEY FEES

Before the Court are Plaintiff's motion [16] for attorney fees pursuant to the Equal

Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), Defendant's response [18], and Plaintiff's

amended reply [20].    Having duly considered this record and the applicable law, the Court finds

the motion should be granted in part and denied in part.

In these proceedings Plaintiff sought judicial review of the Social Security

Commissioner's final decision denying a claim for benefits.    By Final Judgment [15] dated

February 18, 2020, this Court remanded this case to the Commissioner for further proceedings.

Plaintiff now seeks attorney fees in the amount of $6,039.20 for attorney work before this Court

on the grounds that Plaintiff was the prevailing party and the Commissioner's position was not

"substantially justified."    Plaintiff also seeks recovery of $24.00 in costs for U.S. Marshal

service of process fees.

The Commissioner does not oppose the requested attorney fee award but insists the Court

direct that the fee award be made payable to Plaintiff, not her counsel.    The Commissioner

objects, however, to the request for reimbursement for costs on the basis that Plaintiff was

granted leave in this action to proceed without payment of costs, and the statute that authorizes

such relief shields the government from liability for costs.    *See* 28 U.S.C. § 1915(f)(1) (stating

the United States shall not be liable for any costs incurred in a case where an individual proceeds *in forma pauperis*).

In her amended reply, Plaintiff argues the Commissioner's position regarding costs is inconsistent with that taken in a number of other Social Security cases filed in this district. Plaintiff does not address the clear language of 28 U.S.C. § 1915(f)(1), however.   Consequently, based on the clear language of § 1915(f)(1), the request for costs is denied on this record.   *See Anderson v. Commissioner of Social Security*, No. 3:14CV00275, 2015 WL 6828927, at * 1 (N.D. Miss. Nov. 6, 2015) (denying request for costs in *in forma pauperis* case for overnight mailing and photocopying); *Clements v. Colvin*, No. 3:15cv20, 2015 WL 6554482, at * 2 (N.D. Miss. Oct. 29, 2015) ("Courts interpreting [28 U.S.C. § 1915(f)(1)] have consistently held that costs cannot be award against the United States in an *in forma pauperis* appeal.   As a consequence, the court holds that plaintiff is barred from recovering $115.36 in printing costs by operation of § 1915(f)(1)."); *Craig v. Comm'r of Soc. Sec.*, No. CV 17-1715-EWD, 2019 WL 3937633, at *1-2 (M.D. La. Aug. 20, 2019) (disallowing recovery of certified mail expenses for service of the complaint and summons).

**THEREFORE, IT IS ORDERED**:

That the Commissioner shall promptly pay to Plaintiff $6,039.20 in attorney fees for the benefit of her counsel.

This 20th day of April, 2020.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE